David S. Lee, Appellant, *v.* Adamson B. Newkirk, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

An execution issued from the municipal court of the city of Chicago, after the court was abolished, is a nullity.

The ninth section of the act concerning conveyances in the revised statutes is unconstitutional.

This was an action of ejectment to recover the following premises: beginning .at the north-west corner of west half north-east quarter section 18, township 39 N., R. 14 east, and running thence south 160 rods to south-west corner thereof; thence east 14 rods 7 links; thence north 50 rods; thence east 6 rods; thence north 110 rods; thence west 20 rods 4 links to place of beginning.

Commenced by the appellant against the appellee, on the 2d day of June, A. D. 1856, in the Cook County Court of Common Pleas. Plea not guilty, and trial by jury at the February term, 1857.

All the evidence in the case was, on motion of defendant, excluded from the jury, on the ground that the same did not establish a title, on the part of the said plaintiff, to the premises described in his declaration, which motion was sustained and granted by the court, and the whole of said evidence excluded from the jury. To which decision and ruling of the court, and the exclusion of said evidence, as aforesaid, the plaintiff then and there excepted.

C. Beckwith, for Appellant.

B. S. Morris, for Appellee.

Scates, C. J. The plaintiff's title depends upon the same judgment in, and execution issued from the municipal court of the city of Chicago, as the defendant's title did in *Newkirk* v. *Chapron*, 17 Ill. R. 344. The title is, therefore, defective, for the reason there stated, that the execution issued from the municipal court, after the court was abolished, is a nullity, and a sale under it is void. We need not repeat the argument here.

The plaintiff set up the statute of limitations. He has failed to show an actual possession for seven successive years. Actual possession was taken, and a portion of the land was plowed, but it seems to have been abandoned again, as no further act was done to continue that possession in fact. In 1855, defendant took actual possession, and has continued it ever since, by actual inclosure.

Failing in these claims of title, the plaintiff has presented his claim and color of title, made in good faith, which, we think, has sufficiently shown and proved the payment of taxes for seven consecutive years, from the year 1848; and relies upon the provisions of the ninth section of the act concerning conveyances (Rev. Stat. p. 104), which declare and adjudge him to be the owner of vacant and unoccupied lands under such circumstances. The plaintiff brings himself within the provisions of that section, but we have held the section to be unconstitutional and void, in the cases of *Pilkington et al.* v. *Ford*, 18 Ill. R. 502, and *Harding* v. *Butts*, 18 ibid. 502, at this term, and will not repeat the argument. Those cases are decisive of this.

*Judgment affirmed.*